

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

---

DSS:TJS
F.#2011R00736/OCDETF #NY-NYE-673

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 17, 2012

**By Hand and ECF**

The Honorable William J. Kuntz
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:  United States v. Moskowitz, et al.
            Criminal Docket No. 11-793 (WJK)

Dear Judge Kuntz:

      The government respectfully submits this letter to notify the Court of a potential attorney conflict of interest in the above-captioned case.  Specifically, as indicated at the status conference on December 16, 2011, defendant Loriann Moskowitz's retained counsel, Michael Galeno, previously represented her co-defendant, Lance Moskowitz.  Accordingly, the government requests that the Court appoint <u>Curcio</u> counsel for Loriann Moskowitz and schedule a <u>Curcio</u> hearing after appointed counsel has had adequate time to consult with the defendant.

      As set forth below, the government advises the Court of these circumstances in accordance with Rule 44(c) of the Federal Rules of Criminal Procedure and pursuant to its obligation under Second Circuit law so the Court may conduct the appropriate inquiry pursuant to <u>United States v. Curcio</u>, 680 F.2d 881, 888-90 (2d Cir. 1982).  <u>See</u>, e.g., <u>United States v. Stantini</u>, 85 F.3d 9, 13 (2d Cir. 1996); <u>United States v. Malpiedi</u>, 62 F.3d 465, 467 (2d Cir. 1995).

I.   <u>Background</u>

      On November 23, 2011, a grand jury returned an indictment charging Lance and Loriann Moskowitz, who are siblings, with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. 846.  Michael Galeno previously represented Lance Moskowitz in <u>United States v.</u>

2

Moskowitz, 08-CR-0076 (JBW)(E.D.N.Y.), in which he was charged with illegal gambling.

II.  Applicable Law

    A.  Overview

The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel.  See Wood v. Georgia, 450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003).  That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing.  See United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).  While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict."  Jones, 381 F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).

To determine if the defendant's counsel is burdened by a conflict of interest, the court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all."  United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).  An actual conflict exits "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client."  Jones, 381 F.3d at 119 (internal quotation marks and citations omitted).  A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future."  Id. (emphasis and citations omitted).  If the attorney suffers from an actual or potential conflict of such a serious nature that no rational defendant would knowingly and intelligently desire that attorney's representation, the court must disqualify that attorney.  See United States v. Lussier, 71 F.3d 456, 461-62 (2d Cir. 1995).

Regardless of the severity of the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  Wheat, 486 U.S. at 160.  "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right of the accused, but also the interests of the courts in preserving the integrity of the process and the

government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931. Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163).

B.   Previous Representation of a Co-defendant

An attorney's prior representation of a co-defendant presents an inherent conflict of interest. See Locascio, 6 F.3d at 931; United States v. Ioizzo, 786 F.2d 52, 57 (2d Cir. 1986); Restatement (Third) of the Law Governing Lawyers § 121 (2000) (recognizing that a serious problem arises when "there is a substantial risk that the lawyer's representation of the client would be materially and adversely affected by . . . the lawyer's duties to . . . a former client . . . ."). This is because a lawyer owes an absolute duty of loyalty and confidentiality to his former client. See United States v. Yannotti, 358 F. Supp. 2d 289, 295 (S.D.N.Y. 2004); United States v. Rahman, 861 F. Supp. 266, 274 (S.D.N.Y. 1994); ABA Model Code of Professional Responsibility, Ethical Consideration 4-6. That duty, which remains in force even after representation ends, precludes the lawyer from disclosing matters revealed to him by reason of the confidential relationship, absent release from that duty under the law. See Rahman, 861 F. Supp. at 274; EC 4-6 (stating, "The obligation to protect confidences and secrets of a client continues after the termination of employment.").

That means that a lawyer cannot use privileged information obtained from his former client during prior representation that would adversely affect that client in the present proceeding. See United States v. James, 708 F.2d 40, 45-46 (2d Cir. 1983); United States v. Cunningham, 672 F.2d 1064, 1072-73 (2d Cir. 1982). Thus, in representing his current client, a lawyer cannot attack his former client through cross-examination or argument to the jury. See United States v. Pizzonia, 415 F. Supp. 2d 168, 177-78 (E.D.N.Y. 2006); Rahman, 861 F. Supp. at 277; United States v. Massino, 303 F. Supp. 2d 258, 262 (E.D.N.Y. 2003) ("Because of [the attorney's] prior representation of [the cooperating witness], [the attorney] cannot ethically cross-examine [the cooperating witness] without his consent."); United States v. Falzone, 766 F. Supp. 1265, 1275 (W.D.N.Y. 1991) (finding it improper for an attorney to cross-examine his prior client because the attorney is in a position to

4

use information gleaned from the prior representation "either purposely or inadvertently").

    B.    <u>Curcio Waiver</u>

If the conflict of interest is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in <u>Curcio</u>.  <u>See</u>, <u>e.g.</u>, <u>Malpiedi</u>, 62 F.3d at 470; <u>Levy</u>, 25 F.3d at 153; <u>United States v. Iorizzo</u>, 786 F.2d 52, 58-59 (2d Cir. 1986).  In summarizing the <u>Curcio</u> procedures, the Second Circuit has instructed the trial court to:

> (i) advise the defendant of the dangers arising from the particular conflict;
> (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and
> (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

<u>Iorizzo</u>, 786 F.2d at 59; <u>see</u> <u>also</u> <u>Curcio</u>, 680 F.2d at 888-90.  By routinely relying on waivers of potential conflict claims, courts are spared from having to wade into the intricacies of those claims.  <u>See</u> <u>United States v. Jiang</u>, 140 F.3d 124, 128 (2d Cir. 1998).

The need for a <u>Curcio</u> hearing exists regardless of whether a case is disposed of by way of guilty plea or trial.  "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel."  <u>Stantini</u>, 85 F.3d at 15.  Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered."  <u>Boria v. Keane</u>, 99 F.3d 492, 497 (2d Cir. 1996).  Therefore, it necessarily follows that a defendant has a right to conflict-free representation during the plea negotiation stage.  <u>See</u> <u>id.</u> ("'[P]rior to trial an accused is entitled to rely upon his counsel to make an <u>independent</u> examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.'" (quoting <u>Von Moltke v. Gillies</u>, 332 U.S. 708, 721 (1948) (emphasis added))); <u>see also</u> <u>Stantini</u>, 85 F.3d at 16-17 (suggesting that ineffective assistance of counsel may be shown if attorney's dual

representation led to inadequate advice "with respect to the advantages or disadvantages of a plea").

III. Discussion

Based on the facts set forth above, there exists a potential conflict of interest. In light of Mr. Galeno's prior representation of Lance Moskowitz, he may possess privileged information that could be helpful in defending his current client, Loriann Moskowitz but would be ethically precluded from disclosing or using in her defense. See DR 4-101(B) (providing: "Except when permitted under DR 4-101(C), a lawyer shall not knowingly: (1) Reveal a confidence or secret of a client. (2) Use a confidence or secret of a client to the disadvantage of the client. (3) Use a confidence or secret of a client for the advantage of the lawyer or of a third person, unless the client consents after full disclosure."); EC 4-6 (making it clear that "[t]he obligation to protect confidences and secrets of a client continues after the termination of employment.").

Notwithstanding those limitations, a defendant can generally waive potential conflicts arising from his attorney's current or prior representation of a co-defendant or government witness. See Perez, 325 F.3d at 124 (citing United States v. Fulton, 5 F.3d 605, 613 (2d Cir. 1993)). Such a waiver is allowed because:

> Although such a conflict might require a defendant to abandon a particular defense or line of questioning, he can be advised as to what he must forgo; he "can then seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel."

Perez, 325 F.3d at 124 (quoting Fulton, 5 F.3d at 613).

IV. Proposed Questions

In the event the Court determines that Loriann Moskowitz can waive the potential conflicts of interest, the government proposes that the Court advise her as follows:

> I am advised that your attorney, Michael Galeno, has previously represented Lance Moskowitz. Your attorney has certain ethical

6

obligations to his former clients. For example, it might be a conflict of interest for your attorney to investigate leads, introduce evidence or make arguments on your behalf that might tend to incriminate or cast suspicion on his former client.

Your attorney also may have privileged information from his former client that could assist in your defense but that he could not disclose because of his ethical duties. It also is possible that another attorney could take a certain position with respect to your involvement (or non-involvement) in the crimes charged against you or your relationship with your co-defendants, whereas your attorney may be ethically barred from pursuing such a defense strategy due to contrary information he may have obtained from his former client.

There may be other issues, in addition to the ones that I've just described, that can arise in which your attorney's ability to do certain things might be affected by his former representation of Lance Moskowitz. No one can foresee every possible conflict of interest.

Do you have any questions about what I have just explained to you? Can you tell me in your own words what you understand the potential conflicts of interest to be?

You have the right to be represented by an attorney who does not have any possible conflicts of interest in representing you at all stages of this case, including any plea negotiations. If you proceed with your attorney, you will be giving up that right. Do you understand that?

Have you discussed these issues with your attorney?

You also have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might

7

>   arise if you proceed with your attorney. Do
>   you understand that?
>
>   You are not under any pressure to make a
>   decision about this right now. You are
>   entitled, if you wish, to a reasonable period
>   of time to think about these matters, or to
>   consult further with your lawyer or with
>   another lawyer before you advise the Court
>   what you wish to do.

## IV.  Conclusion

For the foregoing reasons, the government respectfully requests that the Court notify Loriann Moskowitz of the conflicts of interest set forth above and conduct an appropriate inquiry pursuant to Rule 44(c) and Curcio. The government further requests that the Court advise Loriann Moskowitz regarding her right to conflict-free representation and determine if she can waive that right.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:       /s/
Tyler J. Smith
Assistant U.S. Attorneys
(718) 254-6186

cc:  Michael Galeno, Esq. (via ECF)
     Michael Weil, Esq. (via ECF)