WMN:TJS
F. #2011R01809/OCDETF #NY-NYE-673

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

LANCE MOSKOWITZ,
LORIANN MOSKOWITZ,
STEVEN SCIARRINO,
SALVATORE PARKER,
SCOTT MOSKOWITZ and
STANLEY MOSKOWITZ,

          Defendants.

- - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 0 3 2012 ★
BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-793 (S-1)(WFK)
(T. 21, U.S.C.,
§§ 841(b)(1)(C), 846,
853(a) and 853(p);
T. 18, U.S.C., §§
1956(h) and 3551 et seq.;
T. 31, U.S.C., § 5317(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Distribute Oxycodone)

    1.   In or about and between January 2008 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LANCE MOSKOWITZ, LORIANN MOSKOWITZ, STEVEN SCIARRINO, SALVATORE PARKER and SCOTT MOSKOWITZ, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing oxycodone, a Schedule II controlled

substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 <u>et seq</u>.)

## COUNT TWO
(Unlawful Monetary Transaction Conspiracy)

2. In or about and between April 2009 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LANCE MOSKOWITZ and STANLEY MOSKOWITZ, together with others, did knowingly and intentionally conspire to engage in monetary transactions, to wit: the transfer and exchange of United States currency by, through and to one or more financial institutions, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, contrary to Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h) and 3551 <u>et seq</u>.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

3. The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance

with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to, the following:

(a) A money judgment equal to any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of any such offense, and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(b) All right, title and interest in ninety-seven thousand six hundred dollars and zero cents ($97,600.00) in United States currency, more or less, seized by the Drug Enforcement Administration on or about October 26, 2011 from a safety deposit box located at TD Bank, 126 Page Avenue, Staten Island, New York.

(c) All right, title and interest in three thousand one hundred and sixteen dollars and zero cents ($3,116.00) in United States currency, more or less, seized by the Drug Enforcement Administration on or about October 26, 2011 from 20 Topside Avenue, Staten Island, New York.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

5. The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c), of all property, real or personal, involved in or used to facilitate

such offense, and any property traceable to such property, including but not limited to, the following:

  (a) All right, title and interest in ninety-seven thousand six hundred dollars and zero cents ($97,600.00) in United States currency, more or less, seized by the Drug Enforcement Administration on or about October 26, 2011 from a safety deposit box located at TD Bank, 126 Page Avenue, Staten Island, New York.

  (b) All right, title and interest in three thousand one hundred and sixteen dollars and zero cents ($3,116.00) in United States currency, more or less, seized by the Drug Enforcement Administration on or about October 26, 2011 from 20 Topside Avenue, Staten Island, New York.

  6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317(c); Title 21, United States Code, Section 853(p))

A TRUE BILL

*Mawa Duhaney*
FOREPERSON

*Loretta E. Lynch*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2011R01766  
FORM DBD-34  
JUN. 85

No. 11-793 (S-1) (WFK)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*Lance Moskowitz, Loriann Moskowitz, Steven Sciarrino,*
*Salvatore Parker, Scott Moskowitz, and Stanley Moskowitz,*

Defendants.

# INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(C) and 846, 853(a), 853(p);
T. 18, U.S.C., §§ 1956(h) and 3551 et seq.; T. 31, U.S.C. § 5317(c))

*A true bill.*

_____ *Mawsa Duhaney* _____
Foreperson

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

_____

*Tyler J. Smith, Assistant U.S. Attorney (718) 254-6186*