UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

LANCE MOSKOWITZ,

                         Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CR-793-1 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:** On December 13, 2013, Lance Moskowitz ("Defendant") pled guilty to Count One of the Superseding Indictment. On August 8, 2014, the Court sentenced Defendant to 151 months' incarceration, 6 years' supervised release, and a $100 special assessment. On April 8, 2020, Defendant filed a motion for release from custody pursuant to the First Step Act. ECF No. 198. The Court granted Defendant's motion on April 30, 2020. ECF No. 203. The Court now re-sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Lance Moskowitz's sentence is reduced to time served and his term of supervised release is modified to include the condition of home confinement until December 6, 2022. The six-year term of supervised release and the $100.00 special assessment from his original sentence at not modified.

## BACKGROUND

Defendant was charged through Superseding Indictment with one count of Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and one count of Unlawful Monetary Transaction Conspiracy, in violation of 18 U.S.C. § 1956(h). Superseding Indictment, ECF No. 55. On December 13, 2013, Defendant pled guilty to Count One of the Superseding Indictment pursuant to a plea agreement. Plea Agreement, ECF No. 115. On August 8, 2014, the Court sentenced Defendant to 151 months' imprisonment, 6 years' supervised released, and a $100 special assessment on Count One of the Superseding Indictment. ECF Nos. 150, 151.

On April 8, 2020, Defendant filed a motion for release from custody pursuant to the First Step Act of 2018 ("First Step Act"). Def. Mot. for Release at 1, ECF No. 198 ("Def. Mot.").

Specifically, Defendant seeks a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) releasing him immediately to home confinement and a period of supervised release due to serious health conditions that place him at an increased risk of contracting COVID-19 and suffering related severe illnesses. *Id.* at 1–2. On April 28, 2020, the Government filed a response to Defendant's motion and stated it did not oppose modification of Defendant's sentence to time served and release to home confinement, subject to a 14-day quarantine period at a designated area in his mother's residence. Gov't Resp. to Def. Mot. at 1, 5, ECF No. 201 ("Gov't Resp."). On April 30, 2020, the Court granted Defendant's motion, subject to the conditions outlined in the Government's response. ECF No. 203.

Accordingly, the Court hereby re-sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.  Legal Standard

Pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), a federal court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction."

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in

open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1. Nature and Circumstances of the Offense

Defendant pled guilty to the offense of Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Plea Agreement at 1. According to the Presentence Investigation Report ("PSR"), ECF No. 127, Defendant and his co-defendants are responsible for distributing over 150 grams of oxycodone between January 2008 and October 2011. PSR ¶¶ 12, 14. During much of the time Defendant participated in the distribution ring, he was incarcerated in federal prison for a probation violation. *Id.* ¶ 4. Defendant had almost daily communications with his sister and co-defendant, Loriann Moskowitz, about the distribution ring. *Id.* ¶ 5. The

3

DEA obtained prison telephone records demonstrating Defendant's involvement and leadership role in the distribution ring. *Id.* ¶¶ 3, 5, 7, 10.

    2. <u>History and Characteristics of the Defendant</u>

  Defendant was born on December 12, 1980 on Staten Island, New York. *Id.* ¶ 42. He is one of four children born from the marriage of Stanley and Phyllis (nee Tortorice) Moskowitz, *id.*, and was reared in an upper-middle-income household on Staten Island, *id.* ¶ 45. He reported a childhood free from any major hardships, financial or otherwise, and a good, close relationship with both parents and siblings. *Id.* Defendant described his childhood as "regular," and "fun," and stated the family was very close, including extended family. *Id.* His parents presently live in New Jersey approximately forty miles from FCI Fort Dix, where Defendant is currently incarcerated. Def.'s Reply to Gov't Resp. at 1, ECF No. 202 ("Def. Reply"). Defendant's father is a retired auditor for a labor union, suffers from diabetes, high blood pressure, and had a heart attack in 2006. PSR ¶ 42. Defendant's mother is retired from the New York City Department of Education, and suffers from a form of Multiple Sclerosis. *Id.* Defendant's father and two siblings were co-defendants in the instant offense. *Id.* ¶¶ 42, 44.

  Defendant suffers from Scimitar's Syndrome, a birth defect which caused him to be born with an undeveloped right lung due to his heart shifting to his right side during prenatal development. *Id.* ¶ 49; Def. Mot. at 1. As a result, Defendant lives with one functional lung. Def. Mot. at 1. This causes heavy breathing and frequent shortness of breath. PSR ¶ 49. His medical conditions increases the severity of infections and makes infections more difficult to ward off. Def. Mot. at 1. Defendant is therefore at an increased risk of severe illness resulting from COVID-19 infection. *Groups at Higher Risk for Severe Illness*, Ctr. for Disease Control

4

and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed May 4, 2020).

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity. The Court also recognizes the significant period of incarceration Defendant has already served for the instant offense.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Superseding Indictment, which charged Defendant with Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Plea Agreement at 1. By statute, Defendant faces a maximum term of imprisonment of thirty years. 21 U.S.C. § 841(b)(1)(C). Defendant also faces a minimum term of supervised release of six years, *id.*; a maximum fine of $2,000,000.00, *id.*; and a mandatory special assessment of $100.00, 18 U.S.C. § 3013. The Court may also order restitution. *Id.* § 3663(a)(1)(A).

5

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable Guideline for violations of 21 U.S.C. § 841(b)(1)(C) is Guideline § 2D1.1. *See* United States Sentencing Commission, *Guidelines Manual* ("USSG") § 2D1.1. Oxycodone is covered under Guideline 2D1.1, Application Note 8(D), which provides that 1 gram of oxycodone is equivalent to 6,700 grams of marijuana. As Defendant is responsible for distributing over 150 grams of oxycodone, the marijuana equivalent is 1,005 kilograms. PSR ¶ 14. Guideline 2D1.1(c)(5) provides a base offense level of 30 for offenses involving at least 1,000 but less than 3,000 kilograms of marijuana.

Because the Defendant was an organizer, leader, manager, or supervisor in criminal activity other than described in USSG §3B1.1(a) or (b), two levels are added. USSG § 3B1.1(c). As stated in the PSR, there is not a preponderance of evidence Lance Moskowitz had knowledge the instant offense involved five or more participants at any given time as Loriann Moskowitz ran the day-to-day operations, PSR ¶ 14, which would have subjected him to a four-level increase under USSG § 3B1.1(a). Defendant's offense level is decreased by three because he has clearly demonstrated acceptance of responsibility for the offense, and the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty. USSG § 3E1.1(a), (b). Accordingly, Defendant's total offense level is 29.

An offense level of 29 and a criminal history category of IV yields a Guidelines recommendation of 121 to 151 months' incarceration, USSG Ch. 5 Pt. A., a term of supervised

6

release of six years, *id.* § 5D1.2(c), a fine between $30,000.00 and $2,000,000.00, *id.* §§ 5E1.2(c)(3) and (c)(4); and Defendant is ineligible for probation, *id.* § 5B1.1 cmt. 2.

Defendant seeks a reduction of his sentence to time served and immediate release to home confinement and a period of supervised release. Def. Mot. at 1. The Government does not oppose Defendant's immediate release to home confinement, subject to a 14-day quarantine period at a designated area in his mother's residence. Gov't Resp. at 1, 5.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant in this case.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). The Court may order

restitution. 18 U.S.C. § 3663(a)(1)(A). However, restitution information has not been provided to the Court. Accordingly, this factor is not relevant to Defendant's sentencing.

In the event restitution information becomes available, the Court will schedule a hearing on restitution at the appropriate time.

## CONCLUSION

After considering the section 3553(a) factors, the Court finds Defendant's serious and irrefutable health risks if he remains incarcerated constitute an extraordinary and compelling reason warranting a reduction of his sentence under section 3582(c)(1)(A)(i). Accordingly, the Court reduces Defendant's sentence to time served and modifies his term of supervised release to include the condition of home confinement until December 6, 2022. The six-year term of supervised release and the $100.00 special assessment from his original sentence at not modified. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and its addendum barring any errors contained therein and to the extent they are not inconsistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2020
        Brooklyn, New York

8